NOT DESIGNATED FOR PUBLICATION

Nos. 118,936
118,937
118,938

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TEELA M. LOGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed August 10, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Teela M. Logan appeals the district court's decision to revoke her probation and impose her underlying prison sentences in three cases which were consolidated for appeal. We granted Logan's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47), and the State responded by not contesting the motion. After reviewing the record, we affirm the district court.

Logan pled guilty to several charges in three cases: (1) one count of fleeing or attempting to elude a law enforcement officer in 16 CR 3594; (2) one count of possession of methamphetamine in 17 CR 1267; and (3) two counts each of identity theft and

1

forgery in 17 CR 2004, all felonies. On September 14, 2017, the district court sentenced Logan to an aggregate sentence for all three cases of 41 months in prison, but as Logan's crimes and criminal history score placed her in a presumptive probation category, she was placed on probation from her sentences for 12 months.

Just a few months later, on January 2, 2018, the State sought to revoke her probation, alleging, among other things, that Logan had committed new crimes which included drug and forgery felonies. At a probation violation hearing held on January 12, 2018, Logan agreed not to contest the violations, and the district court revoked her probation and imposed her underlying sentences totaling 41 months. The district court cited Logan's new crimes, which were similar to the offenses for which she was placed on probation, as its principal reason for revoking her probation. Additionally, the court made public safety findings that Logan was a danger to the community as she refused to stop commiting new crimes in order to support her drug addiction. On appeal, Logan claims the district court erred in revoking her probation.

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Logan bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Logan argues the district court abused its discretion when it revoked her probation and ordered her to serve her prison sentences because she had a severe addiction to methamphetamine and incarceration would not adequately address her addiction. While

K.S.A. 2017 Supp. 22-3716(c) typically requires a district court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison in a felony case, K.S.A. 2017 Supp. 22-3716(c)(8)(A) allows the district court to wholly bypass the intermediate sanctions provisions of the statute if the defendant has committed a new felony or misdemeanor while on probation. The same is also true when, as the district court did here, the court makes particularized findings under K.S.A. 2017 Supp. 22-3716(c)(9)(A) that a nonprison sanction will jeopardize public safety.

It is undisputed that Logan did not contest the finding that she committed new offenses while on probation. The district court specifically imposed her prison sentences on the grounds that her new crimes were similar to her old ones, demonstrating that she was not amenable to probation and would continue to commit crimes to satisfy her drug habit. Accordingly, Logan fails to persuade us that no reasonable person would have agreed with the district court's decision because it was entitled to revoke her probation and impose Logan's underlying prison sentences. The district court did not abuse its discretion.

Affirmed.